IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUSTAM SIROJIDINOV, *Petitioner*, v. J.L. JAMISON, *et al.*, *Respondents.* | : | No. 2:26-cv-7227 |

**ORDER**

**AND NOW**, this 1st day of October, 2026, upon consideration of Petitioner's Petition for a Writ of Habeas Corpus (Dkt. No. 1), the Government's Response (Dkt. Nos. 3 & 8), and the Petitioner's Reply (Dkt. No. 7),[1] it is hereby **ORDERED** that the Petition is **GRANTED** as follows:

1. The Government shall **RELEASE** Petitioner from custody **immediately** and certify compliance with this Court's Order by way of docket entry, no later than October 5, 2026;
2. Upon release, the Government shall return all of Petitioner's personal belongings, including identification documents;
3. The Government is permanently enjoined from re-detaining Petitioner under 8 U.S.C. § 1225(b)(2);
4. Following his release from custody, the Government is temporarily enjoined from re-detaining Petitioner for 7 days under 8 U.S.C. § 1226(a);
5. If the Government chooses to re-detain Petitioner under 8 U.S.C. § 1226(a) after the above mentioned 7-day period, it must provide him with a timely bond hearing so that an appropriate tribunal

may assess whether he poses a danger to the community or a flight risk;

6. In the event of such bond hearing, the Government **SHALL NOT** remove, transfer, or otherwise facilitate the removal of Petitioner from the Commonwealth of Pennsylvania. If, after a bond hearing, it is determined that Petitioner is a danger to the community or a flight risk and that continued detention is proper, the Government may request permission of the Court to move Petitioner if unforeseen or emergency circumstances so require. Any such request must include an explanation for the request as well as the proposed destination.[2]

Petitioner may move to reopen this matter for any violations of this Order.

BY THE COURT:

GAIL A. WEILHEIMER, J.

---

[1] The Court is extremely frustrated by Petitioner's counsel's failure to comply with the Court's Order governing the scope and length of Petitioner's reply. *See* Court Order, Dkt. No. 5. Counsel's failure to adhere to the Court's Order could have resulted in the reply being stricken or disregarded without consideration. Following Petitioner's detention, Petitioner's counsel initiated this case with a 39-page Petition consisting, for the most part, of a generic recitation of common objections to recent immigration proceedings, with limited references to Petitioner. *See* Petition, Dkt. No. 1. Excessive pleadings, particularly in time-sensitive matters involving allegations of unlawful detention, do not assist the Court in its analysis. To the contrary, they make it more difficult to identify and address the potentially meritorious arguments presented. After reviewing the Government's response (Dkt. No. 3) to the Rule to Show Cause Order (Dkt. No. 2), the Court granted Petitioner limited leave to file a reply addressing two specific issues, not to exceed ten double-spaced pages, by September 29, 2026. *See* Court Order, Dkt. No. 5.

The Court's regular hours are 8:30 a.m. to 5:00 p.m. Because of the time-sensitive nature of this matter and the allegations concerning Petitioner's detention, the Court continued to monitor the docket for Petitioner's submission until 10:00 p.m. No reply had been filed by that time. At 10:56 p.m., Petitioner filed a Motion for Leave to File Excess Pages (Dkt. No. 6). One minute later, at 10:57 p.m., and without waiting for the Court to rule on the Motion, Petitioner filed his reply (Dkt. No. 7). The reply exceeded the scope of the Court's Order in both length and subject matter. The Court requested a focused submission addressing two discrete issues. The reply was neither focused nor helpful to the

Court's resolution of those issues. Indeed, but for Government counsel's efforts to provide an update regarding the legal basis for Petitioner's detention, the Court's resolution of the matter could have been materially different.

A court order is not a menu from which counsel may select the provisions with which they wish to comply. The Court advises counsel that future failures to comply with the Court's orders, or attempts to act without first obtaining leave of Court where leave is required, may result in the Court declining to consider the offending submission.

[2] For the reasons articulated in *Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150, 2026 WL 2546223 (3d Cir. Aug. 28, 2026), Petitioner's detainment under 8 U.S.C. § 1225(b)(2) is unlawful.

Separately, to the extent Petitioner seeks costs and reasonable attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), those fees must be sought by way of separate motion. 28 U.S.C. § 2412(d)(1)(B); *Michelin v. Warden Moshannon Valley Corr. Ctr.*, No. 24-2990, 2026 WL 263483, at *13 (3d Cir. Feb. 2, 2026); *see also Abioye v. Oddo*, No. 3:23-CV-0251, 2024 WL 4304738, at *2 (W.D. Pa. Sept. 26, 2024); *Daley v. Ceja*, 158 F.4th 1152, 1155 (10th Cir. 2025). This matter will be administratively closed upon receipt of the Government's notice of compliance. However, administrative closure does not impact the 30-day timeline to file a motion for attorney's fees under 28 U.S.C. § 2412(d)(1)(B).